651 So.2d 412 (1995)
STATE of Louisiana
v.
Terry CAMPBELL.
No. CR94-1140.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
Richard W. Vidrine, Ville Platte, for State of Louisiana.
Richard V. Burnes, Alexandria, Raymond J. LeJeune, Mamou, for Terry Campbell.
Before PETERS, AMY and SULLIVAN, JJ.
SULLIVAN, Judge.
Defendant, Terry Campbell, was tried by a jury and found guilty on May 12, 1994, of second degree murder, a violation of La.R.S. 14:30.1. He was sentenced to life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. His appeal urges eleven assignments of error. We remand with instructions.
In Assignment of Error Number 1, defendant contends the trial court erred in overruling his Motion to Quash Grand Jury Indictment. The motion alleged that the grand jury selection process in Evangeline Parish is discriminatory and in violation of the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 2; Article I, Section 15; and Article I, Section 16 of the Louisiana Constitution. A hearing on defendant's motion was held on December 2, 1993. In denying the motion, the trial judge stated:
The court holds that in the case sub judice there is no racial discrimination in the process used in Evangeline Parish, Louisiana against the defendant Campbell. Again I'm restricting all of my comments to this one particular case that we're here on this morning.
This court rules that the defendant Campbell, being a white man accused of killing another white man, Mr. Sharp, was not denied equal protection of the laws and/or due process because of the grand jury foreperson selection process in the past up to the present, where all of the forepersons were white. Therefore, defendant Campbell has no standing to raise that issue. That being the case the court *413 need not consider the other issues. The Motion to Quash the Indictment is denied.
The United States Supreme Court in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) held that under the Equal Protection Clause, "a criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and the excluded juror share the same race". Powers, at 499 U.S. 402, at 111 S.Ct. 1366. It concluded that a white defendant had standing to raise "third-party equal protection claims" of wrongful discrimination.
The state and the defense stipulated to certain facts at the beginning of the hearing in order to avoid having to call the Registrar of Voters as a witness.
However, this was insufficient to make a determination of discrimination in the grand jury selection process. As noted in State v. Young, 569 So.2d 570 (La.App. 1 Cir.1990), writ denied, 575 So.2d 386 (La.1991):
However, since the general venire in East Baton Rouge Parish is composed of "qualified" persons drawn from a random list of registered voters and licensed drivers in that parish, the total percentage of a particular minority in the general population does not have a direct bearing on the make-up of the general venire, from which the grand jury venire is randomly drawn, and the grand jury foreman is selected. Rather, it is the percentage of the particular minority in the general population who are either licensed drivers or registered voters, and who meet the five qualifications necessary to become a juror, which is the appropriate percentage to compare with the actual percentage of minority grand jury foremen.
Therefore, in order to make a prima facie showing of discrimination in the selection of a grand jury foreman, the defendant must show a disproportion over a significant period of time between the percentage of an identifiable minority in the general venire or grand jury venire, and the percentage of minority forepersons during that time; and that the selection process is susceptible of abuse. That is, the defendant must show that the percentage of minority persons in the general population who are qualified to serve as grand jurors is disproportionate to the actual number of minority grand jury forepersons over a significant period of time to establish a prima facie case. (Footnotes omitted.) (Citations omitted.)
Id at 575.
The information initially submitted by the defendant included only data from the voter registration list and several record extracts showing the composition of local juries, and did not include the comprehensive data on the jury venire as required in Young, supra.
The same reasons enunciated in Powers should be employed in defendant's case. Although the role of the foreman of the grand jury in Louisiana may be ministerial in nature, a full evidentiary hearing should have been had on the matter and a ruling handed down on defendant's due process and equal protection claims. State ex rel. Williams v. Whitley, 629 So.2d 343 (La.1993).
This court is sympathetic with the trial judge's concerns in this type of challenge. However, we, like he, must comply with established constitutional mandates. It is noteworthy that the U.S. Supreme Court, in Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), in dealing with a similar situation, i.e., there never having been a black foreman of a grand jury in Tipton County, Tennessee, nonetheless held that defendant failed to present a prima facie case of discrimination.
Exercising our supervisory jurisdiction under Article V, Section 10, Louisiana Constitution, we remand for such a hearing and determination. If the trial court determines that the grand jury selection process in Evangeline Parish violated defendant's constitutional rights, it must quash the indictment. However, if the trial court finds that the selection process is constitutional, the Clerk of Court of Evangeline Parish is ordered to return this case to us, the record supplemented with the hearing and judge's *414 ruling, so that we can complete the appeal process.
REMANDED, WITH INSTRUCTIONS.